**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1178**

---

In re:  HAMZA TEBIB; OHCGRILL, LLC; OWL HOUSE CAFE, LLC,

      Petitioners.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:25-mc-00002-FL)

---

Submitted:  April 11, 2025                                        Decided:  April 23, 2025

---

Before NIEMEYER, KING, and RICHARDSON, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Hamza Tebib, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2025, Hamza Tebib and his companies, OHCGrill, LLC, and Owl House Café, LLC ("Petitioners"), filed a petition under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, asking the district court to direct the United States Attorney's Office ("USAO") to confer with them and investigate federal financial crimes committed against them. The next month, Petitioners filed an amended petition, this time seeking a criminal complaint under Federal Rule of Criminal Procedure 3, an arrest warrant under Federal Rule of Criminal Procedure 4, and a grand jury investigation under 18 U.S.C. § 3332.

The district court dismissed the petitions without prejudice for lack of subject matter jurisdiction. In so doing, the court followed the Eleventh Circuit's en banc decision holding "that the CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding." *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021) (en banc). In other words, the CVRA "does not create a private right of action by which a victim can initiate a freestanding lawsuit." *Id.* at 1257. Similarly, the district court concluded that Rules 3 and 4 and § 3332 do not create a private cause of action. In any event, the court remarked that it could not grant the relief Petitioners sought because the CVRA specifically provides that courts may not direct prosecution or referral of a matter for prosecution. *See* 18 U.S.C. § 3771(d)(6).

Petitioners have now filed a petition for a writ of mandamus in this court, which is the appropriate vehicle to appeal the denial of a motion for relief under the CVRA. *See* 18 U.S.C. § 3771(d)(3) ("If the district court denies the relief sought, the movant may

2

petition the court of appeals for a writ of mandamus."). They request an order directing the USAO to confer with them, to investigate the financial crimes committed against them, and to generally recognize their rights as crime victims. Petitioners also seek an order directing the district court to reconsider the dismissal of their petitions and to recognize their rights under the CVRA. Petitioners argue that the district court erred in relying on *Wild* and dismissing their petitions for lack of subject matter jurisdiction due to the absence of an ongoing criminal proceeding.

The first issue, however, is whether Tebib's companies may proceed pro se. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). And this "rule applies equally to all artificial entities," *id.* at 202, including limited liability companies, *see In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (collecting cases). Accordingly, we conclude that OHCGrill, LLC, and Owl House Café, LLC, may not proceed pro se and dismiss the mandamus petition as to those entities.

We next consider whether Tebib, the remaining Petitioner, may seek enforcement of his rights under the CVRA when there are no ongoing criminal proceedings. In *Wild*, the Eleventh Circuit thoroughly analyzed the CVRA's "text and structure" to determine "whether in enacting the CVRA Congress clearly and affirmatively manifested its intent . . . to create a private right of action by which a crime victim can . . . initiate a freestanding lawsuit to enforce her rights before the formal commencement of any criminal proceeding." *Wild*, 994 F.3d at 1256; *see id.* at 1255 (referencing *Alexander v. Sandoval*,

3

532 U.S. 275, 286-87 (2001) (requiring clear intent of Congress to create private right of action)). And, after conducting this analysis and considering the petitioner's arguments, the court concluded "that the textual and structural evidence overwhelmingly demonstrates that the CVRA provides a mechanism for judicial enforcement only in the context of a preexisting proceeding." *Id.* at 1269. Moreover, if there were "any doubt about [the CVRA's] proper scope," the court "presume[d] that Congress acted against the backdrop of long-settled understandings about the independence of the Executive with regard to charging decisions." *Id.* (internal quotation marks omitted); *see also In re Ryan*, 88 F.4th 614, 622 (5th Cir. 2023) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch" such that "it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution (internal quotation marks omitted)).

Like the district court, we find *Wild* persuasive and conclude that Tebib may not bring a freestanding action asserting his rights under the CVRA and, therefore, we lack the authority to grant the relief Tebib requests. Likewise, Rules 3 and 4 and § 3332 do not create a private cause of action or authority for this court to order the investigation and prosecution of federal crimes. Accordingly, we also dismiss the mandamus petition as to Tebib. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

4